Ford, J.
delivered the opinion of the Court.
This is nominally an action on the case, and the only two counts in the declaration, are demurred to, with tho causes of demurrer specified; which causes among others are these: that counts in debt and assumpsit are improperly joined ; tho second count being in assumpsit, but the first commencing as in debt, by alleging that the defendant was summoned instead of attached ; also by showing no proper assumpsit or promise; and by concluding as in debt. These objections cannot however avail. Our statute provides, “ that the first process in personal actions, in this state, where the plaintiff is not entitled to bail, shall be a summons,” Rev. Laws, 415,see. 18; and therefore “summoned to answer” is as proper in case as in debt. Moreover, the reciting of the writ is considered as no part of the declaration, and a misrecital, as summoned for attached, or viceversa, is no available error even in Eugland; for a variance from the original writ cannot appear till the writ has been read and heard, and oyer of it will not be granted for the purpose of showing a variance. 1 Chit. PI. 256-7 and cases there cited. Then as to the first count not containing any promise, it certainly states a number of promises and a breach of at least one of them by non-payment of the six thousand dollars; “by reason whereof” tho plaintiff says his damages accrued; so if the first count be anything, it is assumpsit on a special agreement, and the second being on an indebitatus assumpsit, there is no joinder of improper counts as alleged.
But supposing the matters set out in the first count to be all true as stated ; do they afford any ground of action ? This is the important question on the facts as stated. They show an agreement touching a grant of the government of Texas, for four thousand eight hundred acres of land, which the plaintiff had paid six thousand dollars for, and in which, the parties were jointly interested ; and that the defendant undertook and promised as follows, viz : That he would proceed to Texas, as soon as convenient, and select lands on which to locate the said grant. That he would procure from that government, a deed or title for the lands when so located. That he would superintend the surveying thereof, and procuring of said title, and make payment of *126 the fees and expenses incident to the business; which were to be borne equally by both parties. That he would pay the plaintiff three thousand dollars for one half of the original grant, in nine months with interest; and that if, from any cause, the government of Texas should prevent the locating of said grant, or the passing of the said title that he, the defendant, would purchase of the plaintiff, the said grant, and pay him six thousand dollars with interest for the same; and the averments are: That the defendant did not pay the said three thousand dollars with interest. That he did not proceed to Texas and select lands for the location of said grant, and superintend the surveying of the same: and that he did not procure a deed to be made for the same, “ by means whereof ” he became liable to pay to the plaintiff the said sum of six thousand dollars; yet, that he has not paid the same; “ by reason whereof ” the plaintiff alleges damages to six thousand dollars.
If these several averments, that the defendant did not pay the three thousand dollars; did not proceed to Texas ; did not procure a deed ; and did not pay six thousand dollars for said grant; are so many breaches assigned in one count, they might render the first one erroneous for duplicity; but as all the damages are alleged to have arisen “ by reason ” of not paying the six (housand dollars, it would seem that this is the only breach assigned or intended to be assigned; and the question arises, whether this assignment shows any cause of action. The terms of the contract bind the defendant to purchase the grant and pay the plaintiff for it six thousand dollars, “ if from any cause the government of Texas should prevent a location of the giant and passing of the deed or title,” thereby constituting a conditional promise to be performed on the happening of a contingency w’hich must happen before the purchase or payment could be required. It is called a condition precedent, the happening of which must be stated or averred in order to render the promise effectual. 1 Chit. PI. 268 and cases there cited; 6 Petersd. Ahr. 45, note. A conditional agreement creates no liability, till the event happens on which it is to be performed. Here is an agreement to purchase and pay six thousand dollars for said grant, if the government of Texas should prevent a location and passing of the title; and to make out any cause of action, it must be averred and *127 shown, that said government did prevent said location &c.; in the words of the condition, or according to their legal effect; with a venue in such proper form, that if the defendant please, he may traverse the matter, and have the truth of it tried by the country. The want of such an averment being fatal to the first count, the consideration of the other objections to it, is unnecessary, as judgment on it must be for the defendant.
The second count being indebitatus assumpsit for money had and received; for interest; and for balance on account staled; all in one : the plaintiff may recover pro tanto, on either that he can prove, if it be sufficiently stated ; and as no objection is taken to the form or substance of that for money had and received, judgment must be for the plaintiff, on the demurrer to the second count.
Cited in Cornell v. Matthews, 8 Dutch. 525.